# UNITED STATES DISTRICT COURT
## for the
## WESTERN District of VIRGINIA
### Lynchburg Division

CLERK'S OFFICE U.S. DISTRICT COURT
AT LYNCHBURG, VA
FILED

OCT 06 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

Tiffany Verleigha Poindexter, (a non-citizen National of the United States of America,)
Plaintiff.

v.

MEMBER ONE FEDERAL CREDIT UNION, ( Citizen of Virginia)
Defendant.

Case No: [xxxxxxx] 6:23CV00060

## COMPLAINT FOR DECLARATORY JUDGEMENT

### I. INTRODUCTION

1. This action seeks declaratory judgment and damages as the Defendant, MEMBER ONE FEDERAL CREDIT UNION, violated the Truth in Lending Act (TILA), violated the Uniform Commercial Code (UCC), breach of contract, unjust enrichment, infringement of constitutional rights protected by the Fifth and Fourteenth Amendment, resulting in harm and deprivation to the Plaintiff, Tiffany Verleigha Poindexter.

## II. JURISDICTION AND VENUE

2. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1331, given that this action arises under the Constitution, laws, or treaties the United States.

3. Venue rightly resides in this district under 28 U.S.C. § 1391, considering the salient events precipitating this claim unfold within its jurisdiction.

## III. PARTIES

4. The Plaintiff, Tiffany Verleigha Poindexter, is the beneficiary of the Tiffany Verleigha Poindexter Living Trust, residing at 105 Chambers Street, Lynchburg, Virginia, 24501.

5. The Defendant, MEMBER ONE FEDERAL CREDIT UNION, is a corporation organized under the laws of the State of Virginia, with its principal place of business at 202 4th Street NE, Roanoke, Virginia, 24016.

## IV. FACTUAL ALLEGATIONS

6. On April 20, 2020, the Plaintiff and the Defendant entered into a retail installment contract, which constituted in a consumer credit sale for the Plaintiff to purchase a vehicle.

7. Despite UCC 9-203 outlining the requirements for the attachment of a security interest and UCC 9-310 mandating the filing of a financing statement for the perfection of the security interest, the Defendant failed to satisfy these requirements. Specifically, the Defendant neglected to include the note, the evidence of debt, in the security agreement and did not file a financing statement, thus failing to perfect the security interest correctly.

8. Without informing or gaining the consent of the Plaintiff, the Defendant initiated a securitization process, which involved the sale of the loan note. This process effectively converted the Plaintiff's loan into an asset-backed security.

9. The Plaintiff did not have clear and conspicuous disclosure of the Finance Charge, was required to put a down payment of $3000.00 and held liable to pay back a total of 16,441.45 "Amount Financed", stated in the Truth In Lending disclosure on the retail installment contract, .

10. Despite the securitization of the loan note, the Defendant failed to credit Plaintiff's account with the dividend payment, interest, and other relevant components accrued from the asset-backed security.

11. July 17, 2023, the Plaintiff filed a complaint with the CFPB, whom transferred the complaint to the NCUA days later, regarding the down payment not being applied to the payment on the vehicle, the refusal of the negotiable instrument and the how the Defendant continued to furnish information to my consumer report that which caused detrimental results, within the response the defendant agreed the Plaintiff purchase was a consumer credit purchase.

12. The Plaintiff sent a series of letters via certified mail, the Defendant received on July 20, 2023 at 11:40 a.m., and July 31, 2023 at 11:52 a.m. accepting titles and interest, and 1099, the Defendant failed to complete instructions and failed to respond as requested within the notices, but continued to report account late, demanding the Plaintiff make payment on the "auto loan" resulting in severe harm to the Plaintiff consumer credit report and to the Plaintiff's reputation.

13. The Defendant received an Affidavit of Truth "FINAL NOTICE TO CURE" via certified mail August 14, 2023 at 11:34 a.m. The contents enclosed within included an Affidavit of Truth, 1099, and a pay off statement sent from the Defendant, that was properly indorsed and stamped by the Plaintiff, within the Affidavit stating "PAYMENT IN FULL satisfying obligation" UCC 3-311. By the Defendants failure to respond as instructed resulted in fully cooperating with being in default and agreeing to pay the amount of damages resulting in the injuries of the Plaintiff mentioned within the Affidavit.

14. The Defendant unlawfully took possession of vehicle on September 13th, 2023, and put property up for auction on the grounds that the Plaintiff " broke her promise in our agreement in repayment of an "auto loan", that within retail installment contract gave them a legal right and a security interest in the vehicle", violating the Plaintiff's Fifth (5) and Fourteenth (14) Amendment.

15. The Plaintiff demands that the Defendant produce the original note, demonstrating that it has not been securitized.

16. The Plaintiff demands an authenticated record of account from the date it was open to prove that the Defendant has not been extorting money from the beneficiary and her trust, and properly disclosing the interest owed to the beneficiary, UCC 9-210.

## V. COUNT I: TRUTH IN LENDING ACT (TILA) VIOLATION

17. TILA, in conjunction with Regulation Z, imposes an obligation on creditors to disclose material terms and conditions of loans to consumers. The Defendant's non-disclosure of the securitization process is a violation of TILA, as established in Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 2015.

## VI. COUNT II: TRUTH IN LENDING VIOLATION (TILA)

18. The Plaintiff repeats and alleges each and every allegation contained in the paragraph above as if fully set forth herein.

19. 15 U.S.C. 1605, stipulates the amount of the "Finance Charge" in connection with any consumer credit transaction shall be determined as the sum of all charges, The "Finance Charge" does not include charges of a type payable in a comparable cash transaction. Requiring a downpayment in a consumer credit transaction was a violation of the TILA. Furthermore misleading the Plaintiff in paying a sum other than the "Finance Charge" is a violation of TILA.

## V. COUNT III: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-301

20. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument. In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, the Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

21. Furthermore, the Plaintiff signed a security agreement with the Dealership and not the Defendant, who was only granted assignment. (See First National Bank of Amarillo v. LaJoie, 537 P.2d 1207, 1975 OK 95 (Okla. 1975), the financing of an automobile by a bank was not a consumer loan transaction, where the bank was only the assignee of the automobile sales contract and therefore acted illegally in taking security in addition to the purchased automobile.)

## VI. COUNT IV: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-604

22. As per UCC 3-604, if an instrument is paid by a party obliged to pay the instrument and the party paying the instrument receives a conspicuous statement to the effect that the payment is in full satisfaction of the obligation, the effect of payment is discharge to the extent of payment. In this case, by selling the note, the Defendant voluntarily discharged the Plaintiff's debt under UCC 3-604, absolving the Plaintiff of any liability under the note.

## VII: COUNT VI: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-311

23. The Plaintiff repeats and alleges each and every allegation contained in the paragraph above as if fully set forth herein.

24. UCC 3-311. ACCORD AND SATISFACTION BY USE OF INSTRUMENT. (d) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

### Legal Determinations Regarding Accord and Satisfaction

- The intent of the receiving party is not taken into consideration. See Holley v. Holley, Idaho App. 1996, 915 P.2d 733, 128 Idaho 503
  Words of Protest can not change the rules of Accord and Satisfaction. See; McMahon Food Corp. v. Burger Dairy Co. C.A.7 (Ill.) 1996, 103 F.3d 1307, (Rehearing Denied), Obliterating and/or wiping out the verbiage does not void the principles of Accord and Satisfaction. See; Holley v. Holley,, Idaho App. 1996, 915 P.2d 733, 128 Idaho503

- Failure to Notice, Acknowledge and or understand the Verbiage does not change the provisions of Accord and Satisfaction See; McMahon Food Corp. v. Burger Dairy Co. C.A.7 (Ill.) 1996, 103 F.3d 1307, (Rehearing Denied)

- Verbiage such as; "Upon Receipt" and the like are acceptable to use on instruments. See; In re Runge, Bkrtcy. D.N.H. 1998, 226 B.R. 298

- Accord and Satisfaction if done once is sufficient even if an additional payment is Tendered at a later date. Should a Debtor make such an additional payment, said Debtor is entitled to Reimbursement o f all subsequent payments. See; Austin v. Padgett, Miss. 1996, 678 So.2d 1002

25. Under the provisions stated on the instrument and written communication all debts, claims, and obligations or performances was fully discharged upon receipt. Failure of the defendant to notice, acknowledge and or understand the verbiage does not change the provisions of Accord and Satisfaction.

## XI. COUNT V: BREACH OF CONTRACT AND UNJUST ENRICHMENT

26. The Plaintiff repeats and alleges each and every allegation contained in the paragraph above as if fully set forth herein.

27. The Defendant misrepresented specific facts within the retail installment contract and their role, is a beach of contract and a breach of equitable principles.

28. The Defendant has unjustly profited from the Plaintiff's assets without fulfilling their obligations, leading to an unjust enrichment at the expense of the Plaintiff.

## XII. COUNT V: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

29. The Plaintiff repeats and alleges each and every allegation contained in the paragraph above as if fully set forth herein.

30. Furthermore, The U. S. Constitution through its Fifth and Fourteenth Amendment, states that no person shall face deprivation of " life, liberty, or property, without due process of the law". The Defendant capricious retention and mismanagement of the TRUST RES, sans lawful justification or adequate communication, squarely contravenes this constitutional mandates. (See Logan v

Zimmerman Brush Co., 455 U.S.422 (1982), reinforcing the significance of procedural safeguards under the Due Process Clause).

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Tiffany Verleigha Poindexter, respectfully requests that this Court:

A. Award compensatory damages of $150,000.00 for the injuries, the unjust enrichment, emotional distress, the deprivation of rights and property, and unlawfully depriving the beneficiaries of the Tiffany Verleigha Poindexter Living Trust. Levy interest on said damages from the date of harm.
B. Award the Plaintiff his costs and expenses of this action, including reasonable attorney's fees under 15 U.S.C. § 1640(a)
C. Order the Defendant to produce the original note and to demonstrate that it was not securitized;
D. Order on authenticated record of on and off ledger of account from the date it was open, properly disclosing the interest owed to Plaintiff
E. Declaratory judgment of the debt being discharged, absent proof
F. Order the release and return of all Trust Res and titles, and or compensation for all property including interest provided per UCC 9-210
G. Grant any other relief the Court deems necessary, just, and proper.

## VIII. JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable. I declare under penalty of perjury under the laws of the United States of America, as per 28 USC § 1746, that the foregoing is true
Dated: October 03, 2023

_____

*Tiffany Verleigha Poindexter Pro Se.*

Non-Citizen National of the United States, Executor of Precedent Landed Estate [TIFFANY VERLEIGHA POINDEXTER]

**EXHIBIT LIST**

1. **Exhibit A: Retail Installment Contract, designated as Contract#001001**
2. **Exhibit B: CFPB/NCUA Complaint and responses**
3. **Exhibit C: Copy of Correspondences without signatures (original sent to Defendant) with mail receipts**
4. **Exhibit D: Affidavit of Truth " Final Notice to Cure" with signature and mail receipt**
5. **Exhibit E: Copy of Notice of Our Intent to Sell Property (never received original was sent to wrong address)**
6. **Exhibit F: Conveyance of Property related to Tiffany Verleigha Poindexter Living Trust**
7. **Exhibit G: Equitable Title and Documents demonstrating the equity and interests associated with the property in question**